UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X   Case No. 21-CV-10251

KIRA BOYLE,

                     Plaintiff,                    **COMPLAINT**

       - against -

                                      **PLAINTIFF DEMANDS**
                                      **A TRIAL BY JURY**

NEW YORK CITY TRANSPORTATION
AUTHORITY,

                   Defendant.

---------------------------------------------------------------------X

       KIRA BOYLE, ("Plaintiff"), by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, against The NEW YORK CITY TRANSPORTATION AUTHORITY ("NYCTA" or "Defendant"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the discrimination and retaliation provisions of the discrimination provisions of **Title VII**, 42 U.S.C. § 2000 e-2 et seq. ("Title VII"), the **New York State Human Rights Law**, New York State Executive Law § 296, *et seq*. ("NYSHRL"), and the **New York City Human Rights Law** ("NYCHRL"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being **discriminated and retaliated against** by her employer on the basis of her sexual orientation, gender and disability.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 42 U.S.C. § 2000(e), *et seq*.

3. The Court has supplemental jurisdiction over all state and city law claims pursuant to 28

U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PROCEDURAL PREREQUISITES

5. Plaintiff timely filed a complaint, upon which this Complaint is based, with the United States Equal Employment Opportunity Commission ("EEOC").

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated November 18, 2021, with respect to the instant charges of discrimination. A copy of the Notice is annexed to this Complaint.

7. This action is being commenced within 90 days of receipt of the Notice of Right to Sue.

## PARTIES

8. At all relevant times herein, Plaintiff was and is a resident of the State of New York. She was and is a "person" and "employee" entitled to protection as defined by Title VII, the NYSHRL and the NYCHRL. Plaintiff is in a protected class with respect to Title VII, the NYSHRL and the NYCHRL.

9. Defendant, NYCTA, is an agency of the City and State of New York and is an "employer" within the meaning of the statutes invoked hereunder.

## MATERIAL FACTS

10. On or about May 13, 2019, Plaintiff began employment for NYCTA as a Structure Maintainer B earning $73,000 annually.

11. Shortly thereafter, Plaintiff was awarded a Flagging Certificate as a result of completing Defendant NYCTA's training and on-boarding process.

12. Throughout Plaintiff's employment with NYCTA, her performance met or exceeded Defendant's reasonable expectations.

13. Following Plaintiff's receipt of her Flagging Certificate, the instructor from the certification course assigned certificate holders to various job sites.

14. Plaintiff requested, and was granted the assignment to NYCTA's Middle Village, Queens County location where she worked for several weeks.

15. In or around April 2019, Frankie Crispino ("Crispino"), Maintainer Supervisor B, and Pino Guarinello ("Guarinello"), Maintainer Supervisor Level Two, requested Plaintiff's relocation to NYCTA's 34th Street shop, located in Manhattan.

16. Upon, Plaintiff's transfer to the 34th Street Shop, Plaintiff was the only female employee at that location.

17. Following Plaintiff's assignment to the 34th Street location, she became a victim of discrimination, workplace harassment, a hostile work environment, and physical assaults.

18. Although Plaintiff requested to work overtime hours, her requests were repeatedly denied in favor of male employees at that the 34th Street location.

19. Plaintiff was required to use a male locker room and despite numerous requests for same, was not provided with a separate changing facility from male employees.

20. Plaintiff advised Defendants that she was not comfortable using a male locker room where male employees were dressing and undressing in front of Plaintiff, and made a number of requests for a female/separate locker room.

21. Nesret Bilali ("Bilali"), Maintainer Supervisor E, at the 34th Street location, flatly denied Plaintiff's request for a separate locker room, but provided no explanation for this denial. Instead, Bilali made hostile statements towards Plaintiff, such as, "You're not special,

MTA is not going to pay for a locker room just for you,", "Don't come to me with this again," and "No, you're not getting your own locker room, so deal with it."

22. Following Bilali's refusals to provide Plaintiff with a changing area separate from male employees, Plaintiff had a conversation with Mark DeLuca ("DeLuca"), Bilali's superior, and told DeLuca that she was uncomfortable, had woman needs and required a separate locker room. DeLuca inappropriately asked Plaintiff if she had her period, and then denied her request, telling her to "deal with it."

23. Following the foregoing conversations with Bilali and DeLuca, in or about June or July of 2019, Plaintiff's locker was sealed with duct tape. Plaintiff had to use a razor blade to open her locker while her co-workers and supervisors at the 34th Street location laughed.

24. Shortly following the above incident, Plaintiff and other (male) employees were assigned to another location to do tile work in the women's bathroom. One of the male employees, in an effort to intimidate Plaintiff, proceeded to throw screws and sharp objects around the bathroom where they were working.

25. Some weeks following this incident, Ricardo Laudani ("Laudani"), a painter, asked Plaintiff if he could take her "out to dinner, to a nice hotel, and a nice f---." Plaintiff rejected Laudani's advances and told him "I am not here for that, I am here to work, I don't feel comfortable with you hitting on me, I am a lesbian." Plaintiff then walked away from Laudani.

26. The day following this conversation with Laudani, Plaintiff felt isolated and ostracized at work; she soon discovered that Laudani had informed all of the employees and supervisors that Plaintiff was a lesbian.

27. Laudani's harassment and misconduct with respect to Plaintiff continued and escalated

following the above conversation wherein she rejected his advances. On one occasion when Plaintiff and Laudani were riding the subway together on the way to a job site, Laudani pushed Plaintiff off the train when the doors opened. This incident resulted in Plaintiff having anxiety related to riding the subway for which she needed to seek therapy.

28. On another occasion, while at the 34th Street location with other co-workers, Laudani came up behind Plaintiff while she was sitting at a table, causing Plaintiff's breast area to strike the table and become sore and bruised.

29. One of Plaintiff's supervisors, who witnessed the incident, objected to Laudani's actions and, along with a co-employee of Plaintiff's reported the incident to Guarinello, another supervisor. Despite such reports, however, no disciplinary measures were taken with respect to Laudani.

30. On another occasion, in the presence of supervisors at the 34th Street location, Laudani slapped Plaintiff across the face with a hex mat placed inside of a rubber glove.

31. Instead of disciplining Laudani for the foregoing assault on Plaintiff, Crispino told Plaintiff he was proud of her that she didn't go after Laudani in defense because she would have lost her job. Crispino made overt statements to Plaintiff indicating discriminatory bias against her gender and sexual orientation and told Plaintiff that most of the male employees in the shop did not want Plaintiff there because she is a female, and specifically, because she is a lesbian female because they had no chance of sleeping with her.

32. In September of 2019, due to the harassment and discrimination Plaintiff had been experiencing at the 34th Street location, Plaintiff requested a transfer back to the Middle Village location and her request was granted. However, following her transfer, Anthony Lynch, a supervisor at the Middle Village location, made inappropriate statements to

Plaintiff including, "do you know that because you're gay you have rights," and "you gay people get away with murder." Lynch targeted and singled out Plaintiff for such inappropriate and discriminatory comments in front of other employees at the shop.

33. On or about March 10, 2020, Vincent Salamina ("Salamina"), Plaintiff's co-worker at the Middle Village location, thrusted his genitals on Plaintiff's buttocks.

34. Plaintiff immediately reported the incident with Salamina to Defendant's EEO office.

35. Upon information and belief, Defendant's EEO office disregarded Plaintiff's complaint and made no attempts to further investigate Plaintiff's report of Salamina's sexual assault.

36. Instead, in an effort to ensure her safety, Plaintiff filed a police report against Salamina, which subsequently led to the issuance of a temporary restraining order on September 18, 2021.

37. On August 7, 2020, Lynch assigned Plaintiff to COVID-19 cleaning, and Plaintiff was required to use a specific cleaning solution without instructions or personal protective equipment. As a consequence, the cleaning solution caused Plaintiff to have breathing problems for which she had to leave the building. The cleaning solution also caused Plaintiff to have contact dermatitis. Plaintiff asked Lynch to call an ambulance but Lynch refused, telling Plaintiff, "Nothing is wrong with you, I am not getting you any medical." Lynch also refused Plaintiff's request that he call Nigel London ("London"), another employee, to take her to get medical attention.

38. Following the above work-related injury experienced by Plaintiff, Anthony Maderios, a supervisor at the Middle Village location, falsely submitted a statement reflecting that Plaintiff was absent from work due to high blood pressure, in an attempt to undermine her workers compensation claim.

39. Plaintiff's doctors placed her on medical leave until August 16, 2020, with a return-to-work date of August 17, 2020.

40. When Plaintiff returned to work on August 17, 2020, however, she again experienced a physical reaction to the cleaning solution and was again denied access to medical attention by supervisors.

41. As a result, on August 17, 2020, Plaintiff was once again placed on medical leave because of her work-related injuries, which caused pulmonary issues.

42. Plaintiff was cleared to return to work in June 2020.

43. Plaintiff attempted to return to work on numerous occasions during the summer of 2021 and submitted correspondence containing her clearance to return to work to the supervisors at the Middle Village location.

44. However, Lynch refused Plaintiff's request to return to work, and told Plaintiff, "You can't return to work. There are no provisions to be made for you." On another occasion when Plaintiff asked to return to work, Lynch told her she did not have the proper paperwork.

45. On September 21, 2021, following Defendant's multiple denials of Plaintiff's attempts to return to work, Plaintiff received a termination notice from NYCTA.

46. Defendant's actions towards Plaintiff were unlawful, discriminatory and retaliatory and violated her right to be free from such violations.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

47. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48. Title VII, 42 U.S.C. sec. 2000e-2 (a) (1) provides that it is an unlawful employment practice for an employer to fail or refuse to hire or discharge any individual or to discriminate

against any individual with regard to compensation, terms, conditions or privileges of employment because of such individual's race, color, religion, sex, or national origin. Title VII prohibits sexual harassment and discrimination on the basis of sexual orientation.

49. As hereinbefore set forth, with the knowledge, acquiescence, condonement and explicit or tacit approval of Defendant, through its supervisors, engaged in sexual and sexual orientation-based harassment of Plaintiff including but not limited to verbal insults and slurs, and repeated physical assaults.

50. Defendant's supervisors, who had the authority over the terms and conditions of Plaintiff's employment including but not limited to the authority to cause her termination, also engaged in verbal insults and slurs against Plaintiff, based on her gender and sexual orientation.

51. Defendant's conduct, and the conduct of other male employees and supervisors towards Plaintiff was severe and pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile or abusive.

52. Said behavior created a hostile and offensive working environment for Plaintiff in violation of the foregoing statute.

53. In addition to the foregoing harassment of Plaintiff and the hostile and offensive work environment to which she was subjected, Plaintiff was also denied equal treatment to male employees in terms of overtime opportunities.

54. Defendant knew or should have known of the foregoing unlawful conduct towards Plaintiff and failed and/or refused to take prompt and effective remedial action.

55. By reason of the foregoing, Plaintiff is entitled to damages including but not limited to back pay, front pay, compensatory damages, and punitive damages.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII

56. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. 42 U.S.C. sec. 2000e-3 (a) provides, in relevant part, that it is an unlawful employment practice for an employer to discriminate against any employee because he has opposed any practice made an unlawful practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation proceeding, or hearing under this subchapter.

58. As hereinbefore set forth, Plaintiff objected to the unlawful harassment of her and among other things requested a transfer to a different work location based on her protected statuses as a woman and as a lesbian.

59. In retaliation for her complaints, Defendant assigned Plaintiff to cleaning duties without providing her with proper instructions or protective equipment necessary for the safe execution of such duties.

60. Defendant later terminated Plaintiff on the false pretexts that they could not reinstate her and/or that she had not provided proper paperwork, after Plaintiff required an absence due to a work-related injury as a result of the absence of protective equipment for Plaintiff's use.

61. Defendant's conduct constituted unlawful retaliation pursuant to the above referenced statute, as a result of Plaintiff's having opposed the unlawful behavior towards her.

62. By reason of the foregoing, Plaintiff is entitled to damages including but not limited to back pay, front pay, compensatory damages, and punitive damages.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NYSHRL

63. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. New York Executive Law § 296 (a) provides that it is an unlawful discriminatory practice:

   > For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, **sexual orientation**, gender identity or expression, military status, **sex**, **disability**, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

65. As described above, Defendant discriminated against Plaintiff on the basis of her gender, sexual orientation and disability in violation of the NYSHRL by, including but not limited to, denying her overtime opportunities in favor of male employees, subjecting her to a hostile, offensive and intimidating work environment, terminating her employment, and denying her the opportunity to work in an employment setting free of unlawful discrimination and harassment.

66. As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

67. As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

68. Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton

violations of the NYSHRL, for which Plaintiff is entitled to an award of damages.

## AS A FOURTH CAUSE OF ACTION
## FOR RETALIATION UNDER THE NYSHRL

69. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70. New York Executive Law § 296 (7) provides that, "It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

71. As described above, Plaintiff engaged in protected activities, including complaining about the unlawful discrimination and harassment against her based on her gender and sexual orientation and requesting a transfer to another location as a result of such conduct.

72. As described above, after Plaintiff engaged in activity protected by the NYSHRL, Defendant took adverse actions against Plaintiff by, *inter alia*, subjecting her to adverse and dangerous work assignments without proper protective equipment, and terminating her employment. Defendant's actions would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

73. As a result of Defendant's retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NYCHRL

74. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

75. As described above, Defendant discriminated against Plaintiff on the basis of her gender sexual orientation and disability in violation of the NYCHRL by, including but not limited to, denying her overtime opportunities in favor of male employees, subjecting her to a hostile, offensive and intimidating work environment, terminating her employment, and denying her the opportunity to work in an employment setting free of unlawful discrimination and harassment.

76. As a result of Defendant's unlawful discriminatory conduct, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

77. As a result of Defendant's unlawful discriminatory conduct, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

78. Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYCHRL, for which Plaintiff is entitled to an award of punitive damages.

## AS A SIXTH CAUSE OF ACTION
## FOR RETALIATION UNDER THE NYCHRL

79. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

80. Plaintiff was entitled to be free from gender discrimination, sexual harassment, and sexual orientation discrimination under the NYCHRL.

81. The NYCHRL sec 8-107 (7) provides that it is an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter…

82. Defendant unlawfully retaliated against Plaintiff because she opposed discriminatory practices prohibited by the NYCHRL, by complaining about discrimination and harassment towards her.

83. As a result of Defendant's unlawful discriminatory conduct, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

84. As a result of Defendant's unlawful discriminatory conduct, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

85. Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYCHRL, for which Plaintiff is entitled to an award of punitive damages.

## JURY DEMAND

86. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by **Title**

**VII**, 42 U.S.C. sec. 2000e-2 et seq., the **New York State Human Rights Law**, New York State Executive Law, § 296 ("NYSHRL") and the **New York City Human Rights Law,** Title 8, NYC Admin. Code sec. 8-107 et seq., in that Defendant discriminated and retaliated against Plaintiff on the basis of her gender, sexual orientation and disability;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and retaliation, and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: Garden City, New York
December 2, 2021

                            **PHILLIPS & ASSOCIATES,**
                            **ATTORNEYS AT LAW, PLLC**

                            By:    /s/
                                   Marjorie Mesidor
                                   Joseph Myers
                                   *Attorneys for Plaintiff*
                                   585 Stewart Ave, Suite 410
                                   Garden City, New York 11530
                                   T: (212) 248-7431
                                   F: (212) 901 - 2107
                                   mmesidor@tpglaws.com
                                   jmyers@tpglaws.com

U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

November 18, 2021

Ms. Kira Boyle

Re: EEOC Charge Against New York City Transit
No. 520202101872

Dear Ms. Boyle:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires.  Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC New York District Office, New York, NY.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

          Sincerely,

          Kristen Clarke
          Assistant Attorney General
          Civil Rights Division

      by     /s/ Karen L. Ferguson
          Karen L. Ferguson
       Supervisory Civil Rights Analyst
       Employment Litigation Section

cc: New York District Office, EEOC
    New York City Transit