UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIRA BOYLE,

                                      Plaintiff,

              -against-                                    21 Civ. 10251

NEW YORK CITY TRANSPORTATION
AUTHORITY,

                                      Defendant.

## STIPULATION AND CONFIDENTIALITY ORDER

      Plaintiff Kira Boyle ("Plaintiff") and Defendant New York City Transit Authority. ("Defendants") (collectively the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Confidentiality Order.

      Any person subject to this Order — including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — shall adhere to the following terms, upon pain of contempt:

      1.     Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designed as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

      2.     The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

            a.     Financial information previously nondisclosed to the public (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

1

    b. Material previously nondisclosed to the public relating to ownership or control of any non-public company;

    c. Business plans, product development information, or marketing plans previously nondisclosed to the public;

    d. Any information of a personal or intimate nature regarding any individual, including medical records; or

    e. Any other category of information hereinafter given confidential status by the Court.

  3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as Confidential either on the record during the deposition or within 5 days of the deposition. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

  4. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by notifying all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" designation within two (2) business days of providing such notice.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

    a. The parties the parties to this action and, with respect to Discovery Material designated as Confidential that was produced by a non-party, also to such non-party;

    b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    f. stenographers engaged to transcribe depositions conducted in this action;

    g. independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system;

    h. the Court and its support personnel;

    i. jurors; and

    j. any other person whom the producing person, or other person designating the Discovery Material confidential pursuant to paragraph 8 below, agrees in writing may have access to such Discovery Material.

  6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protected Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

  7. The parties shall follow Judge Katherine Polk Failla's Individual Rules of Practice in Civil Cases as they concern the filing of the Confidential Discovery Material with the Court.

  8. Any party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for the disclosing party will convene a joint telephone call with the Court to obtain a ruling. The disclosing party shall have the burden to establish that the confidentiality designation is appropriate.

  9. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also

retains discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

10. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. **No Waiver by Disclosure.** Pursuant to Fed R. Civ. Proc. 26(b)(5) and F.R.E. 502(e), the parties have agreed to the following concerning the inadvertent production of privileged documents (e.g. "quick-peek" agreements, on-site examinations, non-waiver agreements or orders pursuant to F.R.E. 502(d), etc.):

    a. The Parties agree to the application of Federal Rule of Evidence 502(d), and agree that neither the attorney-client privilege nor the work product protection is waived by disclosure connected with this litigation. The inadvertent production of privileged or work product protected documents, ESI, or other information is not a waiver of the privilege or protection in this case or in any other federal or state proceeding. If any privileged or work product protected documents are produced, the Receiving Party shall, at the request of the Producing Party, promptly return or destroy such documents (and all copies thereof), including all later created excerpts, summaries, compilations, and other documents or records that include, communicate, or reveal the information claimed to be privileged or protected. A Receiving Party who receives a document that it knows or reasonably should know is privileged shall notify the Producing Party.

b.      This Agreement shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained in this Agreement is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. The Parties agree that employing electronic keyword searching to identify and prevent disclosure of privileged material constitutes reasonable steps to prevent disclosure under Federal Rule of Evidence 502(b)(2).

c.      A Party's inadvertent failure to designate material and/or information with the appropriate confidentiality legend or designation pursuant to the protective order and any other applicable orders entered in this Action shall not be deemed a waiver in whole or in part of such party's claim of confidentiality, either as to the document, the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. As soon as the receiving Party is notified in writing of the inadvertent production, the information must be treated as if it had been timely designated, and the receiving party.

12.     **Notification Requirements; Best Efforts of Receiving Party**.  A Disclosing Party must notify all prior recipients in writing within fifteen (15) days of learning of the disclosure that such Protected Information ("the Receiving Party") was unknowingly disclosed and that the Protected Information was disclosed without intending a waiver by the disclosure. Upon such notification, the Receiving Party must promptly identify and return, sequester, or destroy (or in the case of electronically stored information, delete) the Protected Information and any copies it has and (ii) provide a certification that it will cease further review, dissemination,

and use of the Protected Information.  If any Receiving Party disagrees that the information is protected from disclosure by the attorney-client privilege, attorney work-product protection, or any other applicable privilege, or asserts that there has been a waiver of privilege, the prior recipient may keep one (1) copy of the document or thing containing the allegedly Protected Information while it makes a motion to the Court for an order that such information be produced ("Disclosure Motion").  Within five (5) business days of receipt of the notification from the Receiving Party, the Disclosing Party must explain as specifically as possible why the Protected Information is privileged.

13. **Contesting Claim of Privilege or Work Product Protection**.  Any Disclosure Motion must be filed under seal within fifteen (15) days of the Disclosing Party's notice of disclosure.  The Disclosure Motion must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure.  Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

14. **Attorney's Ethical Responsibilities**.  Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing information that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such information has been produced.

15. **Burden of Proving Privilege or Work-Product Protection**.  The Disclosing Party shall have the burden of proving that the Protected Information challenged in any Disclosure Motion is privileged or is protected from disclosure by the attorney-client privilege, attorney work-product protection, or any other applicable privilege.

16. ***In camera* Review**.  Nothing in this Order limits the right of any Party to petition the Court for an *in camera* review of the Protected Information.

17. **Voluntary and Subject Matter Waiver**.  This Order does not preclude a Party from voluntarily waiving the attorney-client privilege or attorney work-product protection.

18. **Privilege Logs.**  Except as otherwise provided in this Section, a Producing Party shall provide a log or logs of documents the Producing Party has withheld from Production or produced in redacted form on the grounds that such documents constitute or contain information protected from disclosure under the attorney-client privilege, the work product immunity, domestic or foreign privacy or data protection laws or regulations, or any other privilege or protection afforded or recognized by Rule 26 of the Federal Rules of Civil Procedure or Rule 501 of the Federal Rules of Evidence, including any such privilege or protection under applicable U.S. or foreign law, regulation, or statute ("Privileged Material").

Despite the foregoing, the following materials presumptively need not be logged: (a) any internal privileged communications within a law firm,  (b) any privileged communications or documents that post-date the filing of the Complaint in this Action, and (c) attorney work product created that post-date the filing of the Complaint in this Action.

Notwithstanding the foregoing, communications and work product claimed to be Privileged Material must be logged to the extent they were sent or distributed to a person other than a Party, the Party's outside counsel (including their employees and support staff), or the Party's experts or professional vendors (including their employees and support staff) retained for the purpose of assisting counsel in the Related Action(s).

The Parties will endeavor to provide a privilege log in Excel format that complies with Rule 26 of the Federal Rules of Civil Procedure of any documents withheld in whole or in part

(i.e., redacted) based upon a claim of privilege within 60 days after production. The parties further agree to meet and confer regarding the production of a privilege log prior to any deposition(s), as necessary. For each document withheld or redacted, the privilege log shall contain the following information:

    a. A fixed sequential index/reference number, the sequence of which shall continue in subsequent logs;

    b. Bates number for documents withheld in part (i.e., redacted);

    c. .the document type (e.g., e-mail, Word Document, etc.) and for any documents that include attachments, an indication that the document has attachments;

    d. If the document is an email:

        (i) the sent date and time of the email (populated with metadata extracted from the "Date" and "Time" fields);

        (ii) the sender (populated with metadata extracted from the "Email From" field);

        (iii) the recipient(s) (populated with separate columns with metadata extracted from each of the "Email To," the "Email CC" and "Email BCC" fields); and

        (iv) the subject line of the e-mail (unless the subject line itself contains privileged information) (populated with metadata extracted from the "Subject" field).

    e. For loose ESI:

    (a) the author (populated with metadata extracted from the "Author" field);

    (b) the date (populated with metadata extracted from the "Last Modified" field); and

    (c) the file name (unless the file name contains privileged information) (populated with metadata extracted from the "File Name" field);

  f. a notation identifying any legal personnel (and their affiliation to the extent they are not in-house counsel);

  g. a description of the document sufficient to allow the Requesting Party to understand the subject matter of the document and the basis of the claim of privilege or protection; and

  h. the basis of the privilege claimed: (i) AC for Attorney/Client, (ii) WP for Attorney Work Product, (iii) CI for Common Interest; and/or (iv) OT for Other.

19. This Confidentiality Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, in possession of the parties (excluding material in the possession of counsel), shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. To be clear, material in counsel's possession that is not returned or destroyed continues to be subject to this Confidentiality Order.

20. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**STIPULATED AND AGREED**

Dated: July 25, 2022

| | |
|---|---|
| **HOGUET NEWMAN REGAL & KENNEY, LLP**<br><br>By: */s/ Miriam J. Manber*<br>Miriam J. Manber<br>Wendy Tsang<br>Hoguet Newman Regal & Kenney, LLP<br>One Grand Central Place<br>60 East 42nd Street, 48th Floor<br>New York, NY 10165<br>Phone: 212-689-8808<br>mmanber@hnrklaw.com<br>wtsang@hnrklaw.com<br><br>*Counsel for Defendant* | **PHILLPS & ASSOCIATES**<br><br>By: Cathryn Harris-Marchesi<br>Cathryn Harris-Marchesi<br>Phillips & Associates<br>585 Stewart Avenue, Suite 410<br>Garden City, NY 11530<br>Phone: 212-248-7431<br>Facsimile: 212-901-2107<br>CHarris-Marchesi@tpglaws.com<br><br>*Counsel for Plaintiff* |

```
This confidentiality agreement does not bind the Court or any of
its personnel.  The Court can modify this stipulation at any
time.  The Court will retain jurisdiction over the terms and
conditions of this agreement only for the pendency of this
litigation.  Any party wishing to make redacted or sealed
submissions shall comply with Rule 9 of this Court's Individual
Rules of Civil Procedure.
```

**SO ORDERED.**

Dated: New York, New York

   July 26   , 2022

*signed:* Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge