

One Grand Central Place
60 East 42nd Street, 48th Floor
New York, New York 10165

Tel  212.689.8808
Fax  212.689.5101
www.hnrklaw.com

mmanber@hnrklaw.com

March 15, 2023

**VIA ECF**

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

Re:  Boyle v. NYCTA, No. 1:21-cv-10251

Dear Judge Failla:

We represent Defendant New York City Transit Authority in the above-referenced matter. In accordance with the Case Management Plan, we respectfully submit this joint status letter together with counsel for Plaintiff Kira Boyle.

(1) **Upcoming Deadlines**: Pursuant to the Case Management Plan, the parties' deadline to file a pre-motion submission for summary judgment and *Daubert* motions are due by April 6, 2023.

(2) **Outstanding Motions**: There are currently no outstanding motions.

(3) **Status of Discovery**: Fact and expert discovery have been completed. One deposition, Plaintiff's treating physician, was conducted on March 10, 2023 (three days after the close of expert discovery) due to the doctor's busy schedule.

(4) **Status of Settlement Discussions**: The parties engaged in an unsuccessful mandatory pre-discovery mediation on April 20, 2022, pursuant to Local Civil Rule 83.9 and the Mediation Program Procedures. Following the close of discovery, the parties are actively evaluating whether a settlement conference will be productive and will update the Court as necessary.

(5) **Anticipated Trial Length**: The parties estimate the length of trial as 8 days. The case is to be tried to a jury.

(6) **Anticipated Summary Judgment Motion**: Defendant anticipates moving for summary judgment on several bases, including but not limited to the following. Plaintiff alleges that while she was employed as a mason in NYCT's Infrastructure Department, she was assigned to two different locations and experienced a hostile work environment based on



her gender and sexual orientation at each one; however, the record does not demonstrate that NYCT should be held liable for the alleged actions of its employees. Furthermore, several of the workplace incidents Plaintiff alleges are either unsupported by the record, admittedly unconnected to her protected status, or do not rise to the level of "severe and pervasive." Additionally, NYCT has legitimate, non-retaliatory reasons for all alleged retaliatory actions. Finally, Plaintiff failed to mitigate any alleged damages and seeks impermissible punitive damages against a public benefit corporation.

(7) **Additional Issues To Be Considered**: Defendant propounded contention interrogatories on February 6, 2023, to which Plaintiff objected on March 6, 2023, and did not provide substantive responses. Pursuant to Your Honor's rules, the parties are scheduled to meet and confer on March 16, 2023. If the parties are otherwise unable to resolve the dispute, Defendant will seek relief by way of a motion to compel.

Respectfully submitted,

Miriam Manber