

One Grand Central Place
60 East 42nd Street, 48th Floor
New York, New York 10165

Tel   212.689.8808
Fax  212.689.5101
www.hnrklaw.com

mmanber@hnrklaw.com

September 8, 2023

**VIA ECF**

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

    **Re:**    *Boyle v. New York City Transit Authority*, No. 21 Civ. 10251

Dear Judge Failla:

    We represent Defendant New York City Transit Authority, and we write in opposition to Plaintiff Kira Boyle's motion for relief under Fed. R. Civ. P. 60(b).

    Plaintiff's motion to reopen is premised on the alleged truthfulness her testimony regarding the identity of the plaintiff in *Kira Boyle v. Eatz Restaurant Corp.*, No. 13 Civ. 2790 (RJD) (MDG) (E.D.N.Y.).  She notably failed to mention a second instance of false testimony, however: during her deposition, she denied filing a prior lawsuit raising similar allegations of sexual harassment (*Kira Boyle v. Gaslight, Inc.*, No. 151463/2015 (Sup. Ct. N.Y. Cnty.)), but then later submitted a judicially-binding admission to the contrary.  *See* ECF Nos. 62-2, 62-3.

    However, whether Plaintiff lied under oath, and whether her attorney believed her, have no bearing on the actual issue at hand: Plaintiff has not satisfied her burden of showing she is entitled to relief under Rule 60(b)(1) or (6).

    "Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) (citing *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)).  Moreover, "[a] movant's burden is even more formidable where the movant has made a deliberate choice to enter into a settlement agreement as opposed to having litigated the case on the merits and lost."  *Rand Int'l Leisure Prods., Ltd. v. TekSource, L.C.*, No. 97 Civ. 319, 1998 WL 372356 at *1 (E.D.N.Y. July 2, 1998) (citing *Nemaizer*, 793 F.2d at 63); *see also Ackermann v. United States*, 340 U.S. 193, 198 (1950) ("There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from.").  Rule 60(b) "does not allow district courts to 'indulge a party's discontent over the effects of its bargain.'" *Andrulonis v. United States*, 26 F.3d 1224, 1234 (2d Cir. 1994) (citation omitted).

    Plaintiff has not met the high bar of either Rule 60(b)(1) or 60(b)(6), nor can she show that she has a meritorious argument to be presented if the docket is reopened.  Her motion should be denied.

Hon. Katherine Polk Failla
September 8, 2023
Page 2



### I. Plaintiff is Not Entitled to Relief Under Rule 60(b)(1)

Plaintiff argues that she is entitled to relief under Rule 60(b)(1) because prior counsel made two mistakes: "not believing her assertion that she was not the Kira Boyle who sued Eatz Restaurant Corp" and telling "Magistrate Judge Aaron that Plaintiff had perjured herself." ECF No. 58 at 2. Even taking Plaintiff's recollection of these events as true, counsel's alleged "mistakes" and/or "neglect" do not entitle Plaintiff to relief under Rule 60(b)(1).[1]

To grant relief from a final judgment under Rule 60(b)(1), the court must first determine whether the order from which relief is sought resulted from "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "In the Second Circuit, . . . an attorney's mistake or omission based on ignorance of law, failure to follow rules and deadlines, inability to handle caseload and complete and total disregard for client rights or professional ethics are not bases for relieving a party from a final judgment." *Alvarado v. Manhattan Worker Career Center*, No. 01 Civ. 3228 (CBM), 2003 WL 22462032, at *2 (S.D.N.Y. Oct. 30, 2003) (collecting cases). This is because, in general, "the conduct of an attorney is imputed to his client, for allowing a party to evade the consequences of the acts or omissions of his freely selected agent would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent." *Aalmuhammed v. Kesten*, No. 98 Civ. 171 (DLC), 2003 WL 118512 at *5 (S.D.N.Y. Jan. 14, 2003) (collecting cases).

Here, the "mistakes" that Plaintiff identifies are insufficient to warrant relief under Rule 60(b)(1), not least because they are irrelevant when placed next to Plaintiff's admitted false testimony regarding the *Gaslight* action, and her counsel's and Judge Aaron's knowledge of same. ECF Nos. 62 at 3, 62-2, 62-3. Even crediting Plaintiff's account of events, counsel's advocacy in favor of settlement would have been strategically sound and in his client's best interest, given that counsel was aware of the admitted falsity with respect to *Gaslight* and the possible falsity with respect to *Eatz*. It does not matter whether the *Eatz* action was actually filed by Plaintiff; counsel could have weighed the potential for cross-examination on that topic as a potential obstacle to prevailing at trial and advised his client accordingly. Plaintiff's disagreement with this strategy is not a sufficient basis to prevail under Rule 60(b)(1). *See Nemaizer*, 793 F.2d at 62 ("Mere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief.").

Plaintiff's statement that she did not authorize her attorney to accept the settlement is directly contradicted by the record, even leaving aside her counsel's insistence to the contrary. Judge Aaron laid out the terms of the settlement agreement and specifically asked Plaintiff herself, not her attorneys, whether she "agree[d] to the settlement on those terms," and Plaintiff herself responded, "Yes, your Honor." ECF No. 62-5 at 3:14-25. Even aside from Plaintiff's own consent

---

[1] For purposes of this opposition, Defendant assumes, *arguendo*, that Plaintiff's factual account is accurate. For this reason, Plaintiff's request to hold a hearing "to determine whether extraordinary circumstances exist," *id*. at 4, is unnecessary. No fact-finding is required: even assuming the truth of her allegations, she has not met the requisite legal threshold. However, should it become necessary, Defendant reserves the right to submit contradictory evidence. To the extent that Mr. Friedman's letter (ECF No. 62) discloses discussions for which defense counsel was present, the undersigned's recollection is in accord with Mr. Friedman's account.



on the record, there is no question that Plaintiff was bound by her counsel's assent. "Courts in this Circuit have consistently recognized that an attorney may bind his client to a settlement agreement so long as the attorney has apparent authority." *Alvarez v. City of New York*, 146 F. Supp. 2d 327, 334 (S.D.N.Y. 2001) (citation omitted); *see also In re Artha Mmgt, Inc.*, 91 F.3d 326, 329 (2d Cir. 1996). Defendant was entitled to rely on counsel's representations that the matter was settled, especially in light of the presence of his client, who had verbally confirmed her assent to the agreement; to undo this understanding would be prejudicial both to Defendant and to the Court.

Plaintiff also argues that she is entitled to relief under Rule 60(b)(1) because her attorney neglected to file a letter seeking restoration of this action within the 30-day period specified in this Court's April 27 order. ECF No. 58 at 3-4. However, this does not rise to the level of excusable neglect that affords relief under Rule 60(b)(1). *See, e.g., Atito v. Yorke*, No. 21 Civ. 8448 (MKV), 2022 WL 1644600, at *2 (S.D.N.Y. May 24, 2022) (denying relief under Rule 60(b)(1) where a counsel failed to file similar letter because "attorney error does not entitle a plaintiff to relief from a judgment of which he had sufficient notice and an opportunity to respond.").

## II.     Plaintiff is Not Entitled to Relief Under Rule 60(b)(6)

Plaintiff's argument that this action should be reopened under Rule 60(b)(6) also fails. As a threshold matter, "Rule 60(b)(1) and Rule 60(b)(6) are 'mutually exclusive,' such 'that any conduct which generally falls under the former cannot stand as a ground for relief under the latter.'" *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (citation omitted). "Where a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed." *Id.* Here, Rule 60(b)(6) does not apply because Plaintiff's motion is premised on counsel's "mistake."

Further, even if Rule 60(b)(6) could apply, Plaintiff has not shown "extraordinary circumstances" that would entitle her to relief. *Lee v. Marvel Enters., Inc.*, 765 F. Supp. 2d 440, 452 (S.D.N.Y. 2011); *see also In re Evergreen Mut. Funds Fee Litig.*, 240 F.R.D. 115, 119 (S.D.N.Y. 2007) (denying Rule 60(b)(6) motion where movants' "blanket assertions of extraordinary circumstances and undue hardship [we]re insufficient to support consideration under this rule" because a party must set forth "highly convincing material" under Rule 60(b)(6)).

Here, Plaintiff asserts "extraordinary circumstances" as follows: "Plaintiff was falsely accused of perjury, her attorney did not believe her denials and actually told Magistrate Judge [Aaron] that she lied, and then threatened Plaintiff with arrest if she did not take the settlement agreement while Plaintiff was having a panic attack." ECF No. 58 at 3. As already discussed, *supra*, Plaintiff did admit to false testimony with respect to the *Gaslight* action; the *Eatz* action therefore made no material difference. Further, even crediting Plaintiff's narrative, Plaintiff's declaration contradicts her motion. She explains in her declaration that counsel informed her that if she lied to Judge Aaron, she would be arrested for perjury. ECF No. 58-1 ¶ 11. This is different than being threatened with arrest if she did not settle. Nor has Plaintiff offered any evidence that she was "incapable of comprehending the settlement agreement." *Crispin v. Rodriguez*, No. 21-883, 2023 WL 1113536, at *2 (2d Cir. Jan. 31, 2023) (affirming denial of Rule 60(b) motion where a *pro se* plaintiff did not "offer adequate evidence that he is entitled to relief on the ground that he

Hon. Katherine Polk Failla
September 8, 2023
Page 4



was incapable of comprehending the settlement agreement" based on his *pro se* status and mental illness).

Plaintiff's argument that she will experience "extreme hardship" because she will have no recourse for her injuries if the case is not reopened is also unavailing. ECF No. 58 at 3. *First*, this pre-supposes an ability to prevail on her claims, which should not be automatically assumed, especially given the serious concerns which have arisen regarding Plaintiff's credibility.[2] *Second,* Plaintiff is not left without recourse because if this action remains closed, she would still be entitled to the funds promised in consideration for her release of claims. *Third*, Plaintiff "may conceivably have a different remedy—in the form of a legal malpractice claim against the counsel who advised [her] to settle." *Klipsch Grp., Inc. v. Shenzhen Sosound*, No. 11 Civ. 9187 (PAE), 2013 WL 1387061, at *4 (S.D.N.Y. Apr. 5, 2013).

### III.   Plaintiff Has Not Shown She Has a Meritorious Claim

"Even where the movants show that their motion to reopen is encompassed by the grounds enumerated in Rule 60(b), they must still show that they possess a meritorious claim before they can prevail." *Cobos v. Adelphi University*, 179 F.R.D. 381, 389 (S.D.N.Y. 1998) (citation omitted). Here, even if Plaintiff was entitled to relief under Rule 60(b), she would not be able to overcome Defendant's motion to enforce the settlement agreement.

The facts of this case are on all fours with dozens of cases in this District and Circuit compelling enforcement of settlement agreements which were confirmed on the record by plaintiffs who later had cold feet. *See, e.g., Murphy v. Inst. of Int'l Educ*., 32 F.4th 146 (2d Cir. 2022); *Francis v. Home Box Office, Inc.,* No. 04 Civ. 7430 (DLC), 2005 WL 1020863 (S.D.N.Y. Apr. 28, 2005); *McIntosh v. Consol. Edison Co. of New York*, No. 96 Civ. 3624 (HB), 1999 WL 151102 (S.D.N.Y. Mar. 19, 1999), *aff'd*, 216 F.3d 1072 (2d Cir. 2000). There is no reason to depart from controlling precedent.

On April 27, 2023, the parties appeared for a settlement conference; after several hours of negotiations, during which Plaintiff was represented by counsel, Judge Aaron made a mediator's proposal, which both sides accepted. The acceptance was expressly manifested in two ways: by signature on a term sheet drafted by Judge Aaron, and on the record in open court. *See* ECF No. 43 ¶¶ 3-7; ECF No. 62 at 3, 5. The terms of the agreement were as follows: first, "the defendant shall pay the plaintiff the sum of $29,999 in full and final settlement of all claims, inclusive of costs and attorney's fees. Second, plaintiff agrees not to apply in the future for employment with the NYCT, the MTA, and all affiliate and subsidiary agencies." ECF No. 62-5 at 3:14-22. Plaintiff agreed on the record to the terms of the agreement:

> [JUDGE AARON:] Am I correct, Ms. Boyle, that you agree to the settlement on those terms?

---

[2] Even if Plaintiff were to prevail, she faces the reality that any award might be subject to forfeiture based on her admitted falsehoods. *See Marcelino v. 374 Food Inc.*, No. 16 Civ. 6287 (KPF), 2019 WL 13217875, at *1 (S.D.N.Y. Dec. 11, 2019).



> MS. KIRA BOYLE: Yes, your Honor.

*Id.* at 3:23-25.

It is well-established that settlement agreements "are as enforceable as any other oral contract." *Guardian Life Insurance Co. of Am. v. Calkins*, No. 12 Civ. 8863 (JGK), 2014 WL 61475, at *2 (S.D.N.Y. Jan. 6, 2014). When the parties have reached a satisfactory compromise, "either orally or in writing," there is no reason to continue to litigate; a "later change of heart will not frustrate the agreement's enforceability." *Conway v. Brooklyn Union Gas Co.*, 236 F. Supp. 2d 241, 251 (E.D.N.Y. 2002). Further, courts regularly enforce agreements memorialized on the record after a settlement conference. *See Acun v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 852 F. App'x 553, 553-54 (2d Cir. 2021) ("the placement of the Oral Agreement on the record, together with [plaintiff's] personal assent, was akin to a writing whose binding nature had been acknowledged") (cleaned up); *see also Powell v. Omnicom*, 497 F.3d 124, 129-31 (2d Cir. 2007) ("The in-court announcement here functioned in a manner akin to that of a memorializing writing.").

Plaintiff's argument that she was under duress when she entered the settlement agreement also fails. A contract may only be voided on the ground of duress if the moving party establishes that it was forced to enter into the contract by means of "a wrongful threat precluding the exercise of ... free will." *Warnaco, Inc. v. Farkas*, 872 F.2d 539, 546 (2d Cir. 1989) (citation omitted); *McIntosh*, 1999 WL 151102 at *2. Notably, any such duress must originate with the other party to the contract; pressure which originates from a plaintiff's counsel is not legally sufficient. *See Granger v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 13 Civ. 3569 (JMF), 2014 WL 4054256, at *4 (S.D.N.Y. Aug. 15, 2014) (holding that "pressure exerted by [a party's] own agents cannot constitute duress as a matter of law"); *Evans v. Waldorf-Astoria Corp.*, 827 F. Supp. 911, 914 (E.D.N.Y. 1993), *aff'd*, 33 F.3d 49 (2d Cir. 1994) (rejecting Plaintiff's claim of undue influence by her own attorney because "[d]uress by other than the opposing party to a contract cannot constitute compulsion sufficient to void the contract."); *Murphy*, 32 F.4th at 153–54 (no duress where plaintiff complained of pressure from her own counsel and the mediator). Here, the only duress Plaintiff has identified is her own counsel's alleged threat of arrest if she perjures herself. This is not sufficient. Further, as stated above, the "threat" alleged, even if true, was not about the settlement itself, but rather about a potential consequence if she proceeded to lie to the Court.

For all the foregoing reasons, Plaintiff's Rule 60(b) motion to re-open is entirely without merit and should be denied.

Respectfully submitted,

*Miriam Manber*

Miriam Manber

cc:    All counsel of record (*via ECF*)